# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN W. DARRAH | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 CV 0744 | **DATE** | August 9, 2001 |
| **CASE TITLE** | Larry R. Cox, #N-40365 vs. Cook County Dept. of Corrections, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the accompanying Memorandum Opinion and Order, the defendant's motion for summary judgment [#30] is granted. The clerk of the court is directed to enter judgment in favor of the defendant and against the plaintiff pursuant to Fed. R. Civ. P. 56. The case is terminated. The parties are to bear their own costs. The status hearing previously scheduled for September 11, 2001, at 10:30 a.m. is vacated.

(11) ■ [See attached Memorandum Opinion and Order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | AUG 1 0 2001 date docketed |
| ✓ | Docketing to mail notices. | |
| ✓ | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| mjm | courtroom deputy's initials | date mailed notice |

Document Number

36

FD-7
FILED FOR DOCKETING

Date/time received in central Clerk's Office

mailing deputy initials

LARRY R. COX, #N-40365,               )
                                      )
          Plaintiff,                  )       John W. Darrah
                                      )
          v.                          )       00 CV 0744
                                      )
OFFICER FRANK EVANS,                  )                    AUG 1 0 2001
                                      )
          Defendant.                  )

## MEMORANDUM OPINION AND ORDER

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to

42 U.S.C. § 1983. The plaintiff claims that the defendant, an officer at the Cook County

Jail, violated the plaintiff's constitutional rights by acting with deliberate indifference to his

safety. More specifically, the plaintiff alleges that the defendant failed to protect him from

an attack by a fellow inmate. This matter is before the court for consideration the

defendant's motion for summary judgment. The plaintiff's response to the defendant's

statement of facts agrees almost entirely with the defendant's representations; he has

declined to file an opposing brief. For the reasons stated in this order, the motion will be

granted.

Summary judgment "shall be rendered forthwith if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to

36

judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Prime Northgate Plaza Ltd. Partnership v. Lifecare Acquisitions Corp.*, 985 F. Supp. 815, 817 (N.D. Ill. 1997). In determining whether factual issues exist, the court must view all the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Walker v. Northeast Regional Commuter Railroad Corp.*, 225 F.3d 895, 897 (7th Cir. 2000).

However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Chiaramonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 393 (7th Cir. 1997), *cert. denied*, 523 U.S. 1118 (1998).

## FACTS

The plaintiff, currently a state prisoner, was a pretrial detainee at the Cook County Correctional Center at all times relevant to this action. (Defendant's Exhibit 1, Plaintiff's Deposition, p. 11.) The defendant, Frank Evans, was a Cook County correctional officer at the time of the events giving rise to this lawsuit.[1] (Complaint, p. 2.)

---

[1] By Minute Order of February 11, 2000, the court dismissed the complaint as to the Cook County Department of Corrections as a non-suable entity and as to Ernesto Velasco for lack of personal involvement pursuant to 28 U.S.C. § 1915(e)(2)(B).

The following facts are uncontested for purposes of this motion: From his arrest on June 6, 1997, at least until early 2000, the plaintiff was held in protective custody while confined at the Cook County Jail. (Plaintiff's Deposition, p. 14.) The plaintiff requested placement in protective custody because he was facing charges of first degree murder in a high profile case. (*Id.*)

In approximately November of 1999, inmate Daniel Poole became the plaintiff's cellmate. (*Id.*, p.20.) The plaintiff and Poole had no fights or run-ins prior to December 1, 1999. (*Id.*, p. 21.) Poole never attacked or injured the plaintiff and the plaintiff never attacked or injured Poole. (*Id.*) The plaintiff never filed any grievances concerning Poole, nor did he complain to the defendant or any other correctional official that he and Poole were having problems. (*Id.*, pp. 21, 22.) Poole never threatened the plaintiff while they were cellmates. (*Id.*, p. 25.)

On December 1, 1999, the plaintiff went to the defendant's office to speak to him. (*Id.*, pp. 24-25.) The plaintiff asked the defendant to move his "cellie" (Poole) to a different cell. (*Id.*, p. 25.) The plaintiff gave no reason for the request. (*Id.*, pp. 25-26.) Although the plaintiff was troubled by Poole's unspecified "behavior" that day, he did not relay his concerns to the defendant. (*Id.*) The plaintiff did not tell the defendant that he had been threatened in any way; in fact, Poole had not threatened the plaintiff. (*Id.*) The defendant informed the plaintiff that he could not move Poole to a different cell unless Poole himself requested a change in his cell assignment. (*Id.*, p. 25.)

The plaintiff returned to the defendant's office two more times in the next half hour or so and requested that Poole be placed in a different cell. (*Id.*, pp. 28-29.) The defendant gave the same response. (*Id.*)

The plaintiff believes that he returned to his cell between each visit to the defendant. (*Id.*, p. 29.) Poole was in the cell but neither threatened the plaintiff in any way nor injured him. (*Id.*)

At some point after his third conversation with the defendant, the plaintiff told Poole that he wanted him to move out of the cell. (*Id.*, pp. 31, 34.) The plaintiff's tone of voice was "natural," but "like [he] really wanted him out." (*Id.*)

Following his third meeting with the defendant, the plaintiff sat in a chair outside of his cell. (*Id.*, p. 32.) The defendant was not in the area. (*Id.*, p. 31.) Inmate Poole exited the cell, began yelling at the plaintiff, and swiftly punched him twice in the nose. (*Id.*, pp. 30, 34-35.) Poole delivered the punches within a fraction of a second. (*Id.*, p. 35.)

The plaintiff did not attempt to hit back at Poole, but immediately went into his cell to stop his nose from bleeding. (*Id.*, p. 35.) Poole remained outside of the cell, "hollering." (*Id.*, p. 36.)[2]

---

[2]The defendant's incident report states that when he arrived at the scene, he saw both inmates "pushing each other." At the ensuing disciplinary hearing, Poole claimed that the plaintiff had started the fight by making sexual overtures to Poole, then throwing his mattress out of the room, slapping him, and cutting him with a razor. Poole maintained that he was acting only in self defense and the hearing officers found him not guilty of the charges. *See* Disciplinary Report and Findings of Fact, attached as an unmarked exhibit to plaintiff's statement of facts. However, for purposes of this motion, the court will accept as true the plaintiff's unrefuted, sworn account of the events that took place on the date in question.

The defendant immediately came rushing out of his office and positioned himself between the plaintiff and Poole. (*Id.*) The defendant closed the cell door and locked the plaintiff inside to prevent Poole from approaching the plaintiff. (*Id.*) The defendant then called for additional back-up. (*Id.*, p. 37.)

Inmate Poole was escorted to segregation. (*Id.*, pp. 37, 42; *see also* Incident Report attached as an unmarked exhibit to plaintiff's statement of facts). The plaintiff was taken out of the tier and to the medical unit for treatment of his nose. (*Id.*, pp. 37-38.) A doctor at the dispensary checked the plaintiff's nose; he was then taken to the Cermak Hospital for x-rays. (*Id.*, p. 39.) The plaintiff has never seen Poole again. (*Id.*, pp 42, 46.)

## DISCUSSION

No material facts are in dispute, and the court concludes that the defendant is entitled to judgment as a matter of law. Even viewing the record in the light most favorable to the plaintiff, no reasonable person could find that the defendant acted with deliberate indifference to the plaintiff's safety. The defendant cannot be held liable for the sudden, unexpected attack on the plaintiff.

It is well established that a person held in confinement as a pretrial detainee may not be subjected to any form of punishment for the crime for which he is charged. *See, e.g., Rapier v. Harris*, 172 F.3d 999, 1002 (7th Cir. 1999), *relying on Bell v. Wolfish*, 441 U.S. 520, 535 (1979). A restriction or condition may amount to punishment if prison officials are deliberately indifferent to a substantial risk to the detainee's safety. *Id.* at 1005, *citing*

*Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Prison and jail inmates have a

constitutional right to reasonable protection from assaults from other inmates.

However, only deliberate indifference [i.e., failure to take reasonable measures in the

face of a substantial risk of serious harm] violates the Constitution. *Farmer v. Brennan*, 511

U.S. 825, 827 (1994).[3] In this context, "deliberate indifference" is defined as intentional or

criminally reckless conduct. *Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991).

Any act with a state of mind less than intent or criminal recklessness, such as negligence or

gross negligence, does not amount to punishment. *Id.* at 238-39; *see also Tesch v. County

of Green Lake*, 157 F.3d 465, 474 (7th Cir. 1998). "Lack of due care" will not subject prison

officials to damages. *Davidson v. Cannon*, 474 U.S. 344 (1986). The relevant inquiry is

whether correctional officials actually knew about the danger that the plaintiff faced, not

whether a reasonable person should have known. *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir.

1999). *Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 758 (7th Cir. 1988).

Knowledge of impending harm is proved in one of two ways: (1) by showing the

prisoner complained to prison officials about a specific threat to his safety; or (2) by

showing the existence of so substantial or pervasive a risk that the defendant's knowledge

of the risk can be inferred. *James v. Milwaukee County*, 956 F.2d 696, 699-700 (7th Cir.),

---

[3]The court recognizes that it is citing certain Eighth Amendment cases. But in
deliberate indifference cases, the same basic standards apply to pretrial detainees as to
convicted felons. Pretrial detainees enjoy "at least as great as the Eighth Amendment
protections available to a prisoner." *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S.
239, 244 (1983); *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 259 n. 1 (7th Cir. 1996),
*cert. denied*, 519 U.S. 1109 (1997).

*cert. denied*, 506 U.S. 818 (1992); *Goka v. Bobbitt*, 862 F.2d 646, 650 (7th cir. 1988).  Here, the plaintiff has not satisfied either criterion.

In the case at bar, the court finds no basis for liability, as the record does not support an inference of deliberate indifference.  The plaintiff has described no threats to his safety prior to the attack.  He had expressed no fears to the defendant, and indeed had not been threatened in any way prior to the assault.  The plaintiff offered no reason to the defendant why he wanted Poole moved to a different cell.  The defendant simply had no knowledge or information that Poole posed a substantial risk to the plaintiff.

The plaintiff reasonably argues that the defendant should have asked why the plaintiff wanted Poole moved or that he should have otherwise investigated the situation.  But the defendant's apparent lack of concern fails to rise to the level of constitutional concern since the plaintiff never expressed any fears for his safety and the defendant was not independently aware of any danger.  "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Walker v. Peters*, 233 F.3d 494, 498 (7th Cir. 2000), *quoting Farmer*, 511 U.S. at 837-38.

The defendant's lack of bad faith is reflected by his actions when a fight broke out.  Evans immediately "rushed" to the scene within seconds of the commotion, *see* plaintiff's deposition at p. 36, put himself between the plaintiff and Poole, and locked the plaintiff in his cell.  Poole was able to land only two, quick blows.  Evans' efforts to minimize any

harm to the plaintiff and prevent further scuffling belies any inference of deliberate indifference.

Unfortunately, a correctional facility is a violent and explosive environment. *Hibma v. Odegaard*, 769 F.2d 1147, 1159 (7th Cir. 1985). Correctional officials cannot be expected to eliminate the possibility of all attacks. While the assault is most regrettable, the defendant cannot be held liable either for holding a dangerous inmate (that's what jails are for), or for preventing a sudden, minor altercation. Under the circumstances described here, the defendant cannot be held accountable for the random, unexpected attack by an inmate not known to be an enemy of the plaintiff.

IT IS THEREFORE ORDERED that the defendant's motion for summary judgment (docket #30) is granted. The clerk of the court is directed to enter judgment in favor of the defendant and against the plaintiff pursuant to Fed. R. Civ. P. 56. The case is terminated. The parties are to bear their own costs.

ENTER: *August 9, 2001*

John W. Darrah

**United States District Judge**

8

# United States District Court
## Northern District of Illinois
### Eastern Division

| | |
|---|---|
| LARRY R. COX | **JUDGMENT IN A CIVIL CASE** |
| v. | Case Number: 00 C 744 |
| COOK COUNTY DEPT. OF CORR. | |

☐     Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

☐     Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the defendant's motion for summary judgment is granted. Judgment is entered in favor of the defendant and against the plaintiff pursuant to Fed. R. Civ. P. 56. The case is terminated. The parties are to bear their own costs.

Michael W. Dobbins, Clerk of Court

Date: 8/9/2001

Linda Garth, Deputy Clerk